UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIGE WHITE | CIVIL ACTION |
| VERSUS | NO. 18-12357 |
| ROBERT TANNER ET AL. | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Gaige White, is a prisoner currently incarcerated at the Rayburn Correctional Center ("RCC") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Warden Robert C. Tanner, CSM Michael Phillips, Major Josh Miley, Lieutenant Scotel C. Temple, CSM Bryan Nichols, Warden Billy Anderson and Warden Keith Beckham. Record Doc. Nos. 1; 6; 6-1. Plaintiff asserts claims based on an incident that occurred on September 14, 2018. Record Doc. No. 6-1 at p. 5. Plaintiff claims that on that date defendant Phillips swept trash into his cell, and after the two argued, that Phillips hit plaintiff with the broom and his hands. Id. He states that Phillips was fired after the investigation into the incident. Id. Plaintiff seeks compensatory damages for physical pain, emotional instability, mental anguish and distress. Id.

## LAW AND ANALYSIS

Plaintiff has filed a motion for a temporary restraining order and for a preliminary injunction to prevent retaliation by RCC officials for filing his complaint. Record Doc. No. 3.

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a preliminary injunction must set forth "specific facts in an affidavit or verified complaint" that clearly show that immediate and irreparable injury, loss, or damage will result to the movant." A preliminary injunction is an extraordinary equitable remedy that may be granted only if plaintiff clearly carries his burden of establishing four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause defendants; and (4) the injunction will not disserve the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); Voting for Am. Inc. v. Steen, 732 F.3d 382, 386 (5th Cir. 2013); Planned Parenthood Ass'n of Hidalgo Cnty, Tex., Inc. v. Suehs, 692 F.3d 343, 348 (5th Cir. 2012); S.Co. v. Dauben, Inc., 324 F. App'x 309, 314 (5th Cir. 2009). Part of the requisite showing is "a substantial threat of irreparable injury if the injunction is not issued." DSC Commc'ns Corp. v. OGI Techs, Inc., 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added); accord S. Co., 324 F. App'x at 319.

Applying the foregoing legal standards to the facts alleged in plaintiff's written submissions establishes that White is not entitled to preliminary injunctive relief. First, I cannot conclude at this time that the complaint presents "a substantial likelihood of success on the merits." Pharm Research & Mfrs. v. Walsh, 538 U.S. 644, 662 (2003)

(citation omitted). Plaintiff's likelihood of success depends on the credibility of the witnesses; in large part, the credibility of plaintiff himself, an inmate housed in a facility for individuals with criminal convictions that will be admissible for purposes of credibility consideration under Fed. R. Evid. 609. Under these circumstances, I cannot conclude that it is more probable than not that plaintiff will succeed on the merits. Thus, the first factor weighs against granting his motion.

Second, White has not established that he faces a substantial threat of serious and irreparable injury. Injury or other harm is not irreparable for Rule 65 purposes if an adequate alternative remedy in the form of money damages is available. 11A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure, § 2948.1, text at n.2 and cases cited therein (3d ed. 2018). "Speculative injury is not sufficient," and only "a strong threat of irreparable injury before trial" will serve as an adequate basis for preliminary injunctive relief. Id. text at nn. 9, 12 (emphasis added). White's claim that RCC officials may retaliate against him is purely speculative. White's particular allegation is that Phillips struck him after they argued. He states, however, that Phillips's employment at RCC has been terminated, so that particular retaliatory threat has been eliminated. Thus, the second factor also weighs against granting his motion.

Finally, the third and fourth factors – (a) balancing of the threatened injury against any damage it might cause to defendants and (b) the public interest – are related in this

instance. I find that defendants' interests and the damage they may suffer by entry of the sort of court order sought by White would involve this court's unwarranted interference with the administration of prison functions, including the maintenance of security and jailhouse discipline and appropriate custodial classification, in a way that would disserve the public interest. Courts must accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration, including especially the "essential goals" of "maintaining institutional security and preserving internal order and discipline," in the absence of a constitutional violation. Bell v. Wolfish, 441 U.S. 520, 539 (1979); accord Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). State officials have broad discretionary authority concerning the placement of prisoners in a particular status and in the maintenance of prison discipline.  Under these circumstances, the Constitution affords him no constitutionally protected interest that might outweigh defendants' or the public's interests in prison administration and discipline.

Accordingly, White has not established the four factors necessary to obtain preliminary injunctive relief before trial. On balance, all four factors weigh in favor of denying plaintiff's motions.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's motion for a temporary restraining order and a preliminary injunction, Record Doc. No. 3, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1))).

New Orleans, Louisiana, this  19th  day of December, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE